COPY

FILED

13 MAR -5 PM 2:06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

PRICE LAW GROUP, APC
G. Thomas Martin, III (Bar No. 218456)
15760 Ventura Blvd., Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiff
DAVID V. RAMIREZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV13-01566 SH

| | |
|---|---|
| DAVID V. RAMIREZ,<br><br>                          Plaintiff,<br><br>vs.<br><br>QC HOLDINGS, INC., a corporation, dba<br>CALIFORNIA BUDGET FINANCE; and<br>DOES 1 to 10, inclusive,<br><br>                          Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>1. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]<br><br>2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]<br><br>3. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227] |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1.       David V. Ramirez (Plaintiff), an individual, brings this action to secure redress from QC Holdings, Inc. dba California Budget Finance (Defendant) for violations of the law, including, but not limited to violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA) and violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 (RFDCPA).

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

## JURISDICTION AND VENUE

2.     Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's TCPA claims arise under the laws of the United States.  Further, jurisdiction in this Court is proper for Plaintiff's RFDCPA claims under 28 U.S.C. § 1367(a)  as Plaintiff's RFDCPA claims are so related to Plaintiff's TCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4.     David V. Ramirez (Plaintiff) is an individual, residing in Los Angeles, Los Angeles County, California 90046.  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person and thus Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

5.     Upon information and belief, QC Holdings, Inc., is incorporated under the laws of the State of Kansas with its principle place of business located at 9401 Indian Creek Pkwy, Suite 1500, Overland Park, Kansas 66210.  Upon information and belief, QC Holdings Inc.'s Registered Agent for Service of Process is The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.  Upon information and belief, QC Holdings regularly transacts business in this District and regularly does business as California Budget Finance.

6.     Upon information and belief, in the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection and thus is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c).  Upon information and belief, Defendant regularly engages in the collection of debt by telephone in several states including, California.

7.     The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff,

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

1  who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this

2  Complaint to show the true names and capacities of DOES 1 through 10 should they be

3  discovered.

4  **FACTUAL ALLEGATIONS**

5       8.    Upon information and belief, prior to August 15, 2012 Plaintiff allegedly

6  incurred a debt at California Budget Finance, Store 674, located at 3100 Glendale Boulevard,

7  Suite B, Los Angeles, California 90039 (alleged debt).

8       9.    Upon information and belief, the alleged debt consisted of money, property or

9  their equivalent, due or owing or alleged to be due or owing from a natural person by reason of

10  a consumer credit transaction and as such, qualifies as "consumer debt," as defined by

11  RFDCPA, CAL. CIV. CODE § 1788.2(f).

12       10.    Upon information and belief, within one year prior to the filing of this action,

13  Defendant left a voice message on Plaintiff's cellular telephone stating the following: "Hi, this

14  message is for David Ramirez.  David it is important for you to contact us back as soon as

15  possible.  We have not heard from you.  The call back number is area code (323) 665-6620.

16  Thank you."

17       11.    Upon information and belief, within one year prior to the filing of this action,

18  Defendant placed no less than one (1) telephone call to Plaintiff for the purpose of collecting

19  the alleged debt without disclosure of Defendant's identity.

20       12.    Upon information and belief, within one year prior to the filing of this action,

21  Defendant constantly and continuously called Plaintiff from telephone numbers (800) 660-5542

22  and (323) 665-6620 for the purpose of collecting the alleged debt.

23       13.    Upon information and belief, within one year prior to the filing of this action,

24  Defendant constantly and continuously called Plaintiff at Plaintiff's cellular telephone numbers

25  (323) 843-4396 and (323) 665-6620 for the purpose of collecting the alleged debt.

26       14.    Upon information and belief, Defendant called Plaintiff every single day for

27  several days in a row for the purpose of collecting the alleged debt.  Upon information and

28

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

- 3 -
COMPLAINT FOR DAMAGES

belief, between February 19, 2012 and February 24, 2012 Defendant called Plaintiff every single day for the purpose of collecting the alleged debt.

15.     Upon information and belief, within one year prior to the filing of this action Defendant called Plaintiff multiple times in the same day for the purpose of collecting the alleged debt.  Upon information and belief, on December 6, 2013, Defendant called Plaintiff no less than three (3) times for the purpose of collecting the alleged debt.

16.     Upon information and belief, within one year prior to the filing of this action, Defendant caused Plaintiff's telephone to ring repeatedly or continuously to annoy Plaintiff.

17.     Upon information and belief, within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable and constitute harassment to Plaintiff.

18.     Upon information and belief, within one year prior to the filing of this action, Defendant called Plaintiff for the purpose of collecting the alleged debt and communicated with the debtor other than in the name of Defendant.

19.     Upon information and belief, on August 15, 2012, Plaintiff filed Chapter 7 bankruptcy case number 2:12-bk-37860 in the United States Bankruptcy Court for the Central District of California.

20.     Upon information and belief, the alleged debt was included in Plaintiff's Chapter 7 bankruptcy petition in "Schedule F" as a "creditor holding an unsecured nonpriority claim.

21.     Upon information and belief, Defendant had notice Plaintiff filed the abovementioned Chapter 7 bankruptcy.

22.     Upon information and belief, Defendant had notice Plaintiff was represented by an attorney in regards to the alleged debt.

23.     Upon information and belief, Defendant called Plaintiff to collect the alleged debt while Plaintiff was in an active Chapter 7 bankruptcy and while Plaintiff was protected by the Automatic Stay of the United States Bankruptcy Court.

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

- 4 -
COMPLAINT FOR DAMAGES

24.     Upon information and belief, Defendant called Plaintiff to collect the alleged debt even though it had notice Plaintiff was in an active Chapter 7 bankruptcy and while Plaintiff was protected by the Automatic Stay of the United States Bankruptcy Court.

25.     Upon information and belief, on November 19, 2012, Plaintiff received a discharge in the abovementioned bankruptcy and thus, was discharged of his personal liability for the alleged debt.

26.     Upon information and belief, Defendant filed no objection to Plaintiff's discharge of the alleged debt.

27.     Upon information and belief, Defendant had notice of Plaintiff's discharge in the abovementioned Chapter 7 bankruptcy case.

28.     Upon information and belief, Defendant had knowledge that Plaintiff was discharged of his personal liability to pay the alleged debt.

29.     Upon information and belief, Defendant called Plaintiff to collect the alleged debt after Plaintiff had been discharged of his personal liability to pay the alleged debt.

30.     Upon information and belief, Defendant attempted to collect the alleged debt from Plaintiff even though Defendant knew Plaintiff was not personally liable to pay the alleged debt.

31.     Upon information and belief, Defendant called Plaintiff to collect the alleged debt even though it had notice Plaintiff was represented by an attorney with regards to the alleged debt.

32.     The natural and probable consequences of Defendants conduct as alleged herein was to harass, oppress, or abuse Plaintiff.

33.     The natural and probable consequences of Defendants conduct as alleged herein was to cause Plaintiff's telephone to ring or engage Plaintiff in telephone conversations repeatedly.

34.     Upon information and belief, within one year prior to the filing of this action, Defendant placed no less than one call to Plaintiff without disclosing Defendant's identity.

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

35.     The natural and probable consequences of Defendants conduct as alleged herein amounts to false, deceptive, or misleading representations or means in connection with the collection of the alleged debt.

36.     The natural and probable consequences of Defendants conduct as alleged herein amounts to a false, deceptive, or misleading representation of the character, amount or legal status of the alleged debt.

37.     The natural and probable consequences of Defendants conduct as alleged herein amounts to a false representation or deceptive means to collect the alleged debt or obtain information about Plaintiff.

38.     Upon information and belief, within one year prior to the filing of this action, while attempting to collect the alleged debt from plaintiff, Defendant failed to inform Plaintiff that it was attempting to collect a debt and that any information obtained  would be used for that purpose.

39.     The natural and probable consequences of Defendants conduct as alleged herein amounts to unfair or unconscionable means to collect or attempt to collect the alleged debt.

40.     The natural and probable consequences of Defendants conduct as alleged herein amounts to an attempt to collect any amount that is not authorized by the agreement creating the debt or permitted by law.

41.     Upon information and belief, within one year prior to the filing of this action, Defendant called Plaintiff multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1)(A) and (B).

42.     Upon information and belief, within one year prior to the filing of this action, Defendant called Plaintiff's cellular telephone no less than twenty-one (21) times using an artificial prerecorded voice or an automatic telephone dialing system.

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

43.     Upon information and belief, Defendant did not receive Plaintiff's consent before using an artificial prerecorded voice or an automatic telephone dialing system to contact Plaintiff.

44.     Upon information and belief, Defendant did not have an emergency purpose for contacting Plaintiff using an artificial prerecorded voice or an automatic telephone dialing system.

45.     Upon information and belief, Defendant willfully or knowingly violated the Telephone Consumer Protection Act when it called Plaintiff no less than twenty-one (21) times using an artificial prerecorded voice or an automatic telephone dialing system.

## FIRST CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act,**

**California Civil Code § 1788)**

46.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

47.     Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)     Defendant violated CAL. CIV. CODE § 1788.11(b) by placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents; and

(b)     Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(c)     Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances; and

(d)     Defendant violated CAL. CIV. CODE § 1788.13(a) by communicating with the debtor other than in the name either of the debt collector or the person on whose behalf the debt collector is acting; and

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

1         (e)      Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to

2    collect a consumer debt without complying with the provisions of Sections 1692b to

3    1692j,inclusive, of . . . Title 15 of the United States Code.

4         (i)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §

5    1692c(a)(2) by communicating with a consumer in connection with the collection of any debt

6    when the debt collector knows the consumer is represented by an attorney with respect to such

7    debt; and

8         (ii)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d

9    by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any

10   person in connection with the collection of the alleged debt; and

11        (iii)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §

12   1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations

13   repeatedly; and

14        (iv)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §

15   1692d(6) by placing telephone calls without meaningful disclosure of the caller's identity; and

16        (v)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e

17   by using false, deceptive, or misleading representation or means in connection with the

18   collection of any debt; and

19        (vi)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §

20   1692e(2) by making a false representation of the character, amount or legal status of any debt;

21   and

22        (vii)      Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §

23   1692e(10) by using any false representation or deceptive means to collect or attempt to collect

24   any debt or to obtain information concerning a consumer; and

25        (viii)     Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. §

26   1692e(11) by failing to disclose in the initial written communication with the consumer and, in

27   addition, in the initial communication is oral, in that initial oral communication, that the debt

28

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

1  collector is attempting to collect a debt and that any information obtained will be used for that

2  purpose; and

3      (ix)   Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by

4  using unfair or unconscionable means in connection with the collection of an alleged debt; and

5      (x)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f(1)

6  by attempting to collect any amount (including any interest, fee, charge, or expense incidental

7  to the principal obligation) unless such amount is expressly authorized by the agreement

8  creating the debt or permitted by law.

9      48.    Defendant's acts as described above were done intentionally with the purpose of

10 coercing Plaintiff to pay the alleged debt.

11     49.    As a result of the foregoing violations of the FDCPA, Defendant is liable to

12 Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual

13 damages, statutory damages, and costs and attorney fees.

14                          **SECOND CAUSE OF ACTION**

15     **(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

16     50.    Plaintiff incorporates herein by reference all of the above paragraphs of this

17 Complaint as though fully set forth herein at length.

18     51.    On no less than twenty-one (21) occasions, Defendant violated TCPA 47 U.S.C.

19 § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within

20 the United States . . . to make any call (other than a call made for emergency purposes or made

21 with the prior express consent of the called party) using any automatic telephone dialing system

22 or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular

23 telephone service . . . or any service for which the called party is charged for the call.

24     52.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to

25 an award of five hundred dollars ($500.00) in statutory damages, for each and every violation,

26 pursuant to 47 U.S.C. § 227(b)(3)(B).

27     53.    Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the

28 future.

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

- 9 -
COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION**

**(Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227)**

54.     Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

55.     On no less than twenty-one (21) occasions, Defendant willfully violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

56.     As a result of Defendant's willful violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3).

57.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

///
///
///
///
///
///
///
///
///
///
///
///

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

        (a)     Actual damages;

        (b)     Statutory damages;

        (c)     Costs and reasonable attorney fees;

        (d)     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

        (e)     For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: February 22, 2013        PRICE LAW GROUP, APC

By: _____

        G. Thomas Martin, III
        *Attorney for Plaintiff*

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
### Central District of California

| | |
|---|---|
| David V. Ramirez | **CV13- 01566** SH |
| _Plaintiff_ | |
| v. | Civil Action No. |
| QC Holdings, Inc., a corporation, dba California Budget Finance; and DOES 1 to 10, inclusive, | |
| _Defendant_ | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_
> QC Holdings, Inc., a corporation, dba California Budget Finance
> 9401 Indian Creek Pkwy, Suite 1500
> Overland Park, Kansas 66210

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   G. Thomas Martin, III, Esq. (SBN 218456)
> PRICE LAW GROUP, APC
> 15760 Ventura Blvd., Suite 1100
> Encino, CA  91436
> T: (818) 907-2030; F: (866) 397-2030
> tom@plglawfirm.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

MAR - 5 2013

Date: _____

_CLERK OF COURT_

JULIE PRADO

_Signature of Clerk or Deputy Clerk_

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

DAVID V. RAMIREZ

**DEFENDANTS**

QC HOLDINGS, INC., a corporation, dba CALIFORNIA BUDGET FINANCE; and DOES 1 to 10, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

G. Thomas Martin, III (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Blvd., Suite 1100, Encino, CA 91436

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ MONEY DEMANDED IN COMPLAINT: $ according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. 1681 et seq. Violations of the Fair Credit Report Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | REAL PROPERTY | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 220 Foreclosure | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 240 Torts to Land | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | |

CV13-01566

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Kansas |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _J. Thomas McCoy_                      Date 2/28/2013

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |